IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| RICHARD J. JOHNSON #1005689 | § | |
| v. | § | CIVIL ACTION NO. 6:10cv422 |
| TRIAL COUNSEL UNKNOWN, ET AL. | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Plaintiff Richard Johnson, proceeding *pro se*, filed this lawsuit complaining of alleged violations of his constitutional rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Johnson complained that his trial counsel in Anderson County caused him to involuntarily plead guilty, resulting in his receipt of a 99-year sentence in October of 2000, despite the fact that the plea was "based on lies." He asked that he have an opportunity to present his evidence to a "fair jury" and that his sentence be ruled unconstitutional.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed. The Magistrate Judge observed that Johnson had previously filed at least three lawsuits or appeals which had been dismissed as frivolous or for failure to state a claim, and so the present case was barred by the "three strikes" provision of 28 U.S.C. §1915(g). The Magistrate Judge also stated that the lawsuit could not be construed as a habeas corpus application because Johnson had previously sought habeas corpus relief on this same conviction, and had not shown that he had received permission from the Fifth Circuit Court of Appeals to file a successive petition, as

1

required by 28 U.S.C. §2244.[1]  The Magistrate Judge therefore recommended that Johnson be denied *in forma pauperis* status and that his lawsuit be dismissed with prejudice as to its refiling *in forma pauperis*, but without prejudice as to its refiling upon payment of the full filing fee.

Johnson filed objections to the Magistrate Judge's Report on October 15, 2010.  In his objections, Johnson says first that the case in Anderson County was used to enhance his sentence in Angelina County, resulting in the 99 year sentence.  He states that the Prison Litigation Reform Act, which includes Section 1915(g), blocks him from access to the courts because he owes over $3,000.00 in court costs, he has a 99 year sentence and no possibility of getting out of prison until the year 2046, at which time he will be 76 years old, and he has no way of getting the filing fee because he has no one to send money to him.  Johnson also cites two Fifth Circuit habeas corpus decisions, neither of which is relevant to the present cause of action.

The Court has conducted a careful *de novo* review of the pleadings in this cause, as well as the Report of the Magistrate Judge and the Plaintiff's objections thereto.  Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit.  It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court.  It is further

ORDERED that the Plaintiff's application for leave to proceed *in forma pauperis* is hereby DENIED.  It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as to the refiling of another *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice as to the refiling of this lawsuit without seeking *in forma pauperis* status and upon payment of the full $350.00 filing fee.  Should the Plaintiff pay this fee within 15 days after the date of entry of the final judgment, he shall be allowed to proceed in this lawsuit as through the

---

[1] Although Johnson complained of trial counsel from Anderson County, prison records show that his 99-year sentence was assessed in Angelina County.

full fee had been paid from the outset. The Court also notes that the dismissal of this lawsuit shall have no effect upon Johnson's right to seek leave from the Fifth Circuit to file a successive petition to challenge his conviction through habeas corpus, nor his right to pursue habeas corpus relief in the event that such permission is granted. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**So ORDERED and SIGNED this 15th day of November, 2010.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**